## WHITCOMB v. FRIENDLY.

(Supreme Court, Appellate Division, Third Department. December 31, 1901.)

CHANGE OF VENUE—CONVENIENCE OF WITNESSES.

Defendant filed a complaint in C. county, charging plaintiff, who resided in T. county, with grand larceny by false representations. Plaintiff thereupon brought an action in T. county for malicious prosecution. Defendant's affidavits for change of venue to C. county named 17 witnesses residing there, alleged to be necessary to his case; plaintiff's counter affidavits named 25 witnesses residing in T. county; many named on each side being unnecessary. Plaintiff filed a stipulation relieving defendant from the necessity of calling a number of the witnesses named by him. So far as shown by the record, the evidence relating to the truthfulness of the representations was best obtainable from witnesses in T. county. *Held* error to grant the change of venue, the truthfulness of the representation being the important question.

Appeal from special term, Broome county.

Action for malicious prosecution by Charles F. Whitcomb against Myer H. Friendly. From an order granting defendant's motion to change the place of trial from the county of Tompkins to the county of Chemung, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and EDWARDS, SMITH, CHASE, and HOUGHTON, JJ.

Tompkins, Cobb & Cobb (M. N. Tompkins, of counsel), for appellant.

Benjamin F. Levy, for respondent.

CHASE, J. In September, 1899, the plaintiff made to the defendant a written statement of his assets and liabilities, and thereafter purchased goods of the defendant. He failed to pay the full amount agreed to be paid for said goods, and in November, 1900, the defendant made a complaint before the recorder of the city of Elmira, Chemung county, charging the plaintiff with having committed the crime of grand larceny in obtaining by false pretenses the goods so purchased. A warrant was issued, and the plaintiff was arrested at his home in Tompkins county, and taken before the recorder at Elmira, where he was held for examination before the grand jury. The grand jury failed to indict the plaintiff, and this action is brought by the plaintiff against the defendant for malicious prosecution. The place of trial named in the summons is Tompkins county. This motion was made by the defendant to have the place of trial changed from the county of Tompkins to the county of Chemung, and it was granted by the special term. In the defendant's affidavit he names 17 witnesses residing in the county of Chemung, which he claims that it will be necessary for him to call on the trial. In the plaintiff's affidavit he names 25 witnesses residing in the county of Tompkins, which he claims that it will be necessary for him to call on the trial. Without going into a detailed statement of said affidavits, it is very clear that neither the plaintiff nor the defendant will call at the trial the number of witnesses claimed by them in their affidavits. Apart from the formal proof of what occurred before the recorder and the grand jury, the important question on which testimony will necessarily have to be offered on the trial relates to the truthfulness of the written statement of assets and liabilities given by the plaintiff to the defendant in September, 1899. So far as appears by the record, all of the evidence relating to this subject, unless it be as to admissions on the part of the plaintiff, must be obtained from witnesses residing in Tompkins county. The cause of action in part arose in Tompkins county. The plaintiff, on the hearing of the motion, filed a stipulation that will relieve the defendant from the necessity of calling many of the witnesses set forth in his affidavit. After weeding out the unnecessary witnesses claimed by the respective parties, there can be no reasonable doubt that a much larger number of witnesses reside in the county of Tompkins than in the county of Chemung, and that the convenience of witnesses requires that the place of trial should be retained in Tompkins county.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, to abide the event of the action. All concur.